IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr128

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| CURTIS ANTHONY MADINA | ) | |
| | ) | |

**THIS MATTER** is before the Court on the motion of the defendant for judgment of
acquittal (Doc. No. 33) and the government's response (Doc. No. 38).

I.      PROCEDURAL HISTORY

On December 8, 2009, the defendant was convicted by a jury of possessing marijuana
with intent to distribute (Count One), carrying a firearm during and in relation to, or possessing a
firearm in furtherance of, a drug trafficking crime (Count Two), and possessing a short-barreled
semi-automatic rifle not registered to him (Count Three). (Doc. No. 21: Verdict).  After the
Supreme Court decided United States v. O'Brien, 130 S. Ct. 2169 (2010), the defendant filed the
instant motion on November 10, 2010, seeking acquittal on Count Two, pursuant to Fed. R.
Crim. P. 29(c). (Doc. No. 33: Motion).

II.     DISCUSSION

A.      Excusable Neglect

Ordinarily, a motion for judgment of acquittal must be filed within fourteen days after a
guilty verdict. Fed. R. Crim. P. 29(c)(1).  However, that time may be extended if the party failed
to act because of excusable neglect. Fed. R. Crim. P. 45(b)(1)(B).  The defendant asserts that
because the O'Brien case was decided more than fourteen days after the guilty verdict, his late
filing should be excused.  The government does not object. (Doc. No. 38: Response at 3 n.1).
Accordingly, the Court finds good cause to extend the time period based on excusable neglect.

B.      Count Two Verdict

The defendant argues that the Court fatally varied from the indicted charge when it instructed the jury (Doc. No. 32: Trial Tr. at 16-20) and provided a verdict form (Doc. No. 21: Verdict at 2) based on 18 U.S.C. § 924(c)(1)(A)(i) (carrying a firearm) rather than on § 924(c)(1)(B)(i) (carrying a short-barreled rifle), as detailed in the indictment (Doc. No. 1: Indictment at 2).  The government argues that the Court did not constructively amend the indictment, but rather instructed on a lesser included offense. (Doc. No. 38: Response at 4).

The Fourth Circuit law at the time of the defendant's trial was that the type of firearm was not an element of the offense, but rather a sentencing factor to be determined by the Court. United States v. Gamboa, 439 F.3d 796, 811-812 (4th Cir. 2006).  Thus, language in the indictment relating to the type of weapon and the applicable statutory reference was surplusage as to the jury's determination, but put the defendant on notice that the government was seeking an enhanced penalty upon conviction.[1]  The elimination of language not constituting an element of the offense does not constructively amend an indictment. United States v. Ashley, 606 F.3d 135, 142 (4th Cir. 2010).

The law changed in O'Brien with the Supreme Court's determination that the type of firearm is an element of the offense, rather than a sentencing factor. 130 S. Ct. at 2180.  The government argues that the conviction in Count Two remains valid because a violation of § 924(c)(1)(A)(i) (carrying a firearm) is a lesser included offense of § 924(c)(1)(B)(i). (Doc. No. 38: Response at 4).  The Fourth Circuit recognized in Ashley that no broadening of a charge

---

[1]  The penalty for illegally carrying a firearm is not less than 5 years' imprisonment, 18 U.S.C. § 924(c)(1)(A)(i), and the penalty for a short-barreled rifle is not less than 10 years, § 924(c)(1)(B)(I).  Under either provision, the maximum penalty is life. United States v. Cristobal, 293 F.3d 134, 147 (4th Cir. 2002).

occurs when a court subtracts elements and instructs on a lesser included offense, the elements of which are all contained within the grand jury's charge. 606 F.3d at 142.  Here, the indictment alleged that the defendant used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States. (Doc. No. 1: Indictment at 2).  Those facts, if found beyond a reasonable doubt, are sufficient to establish a § 924(c)(1)(A)(i) violation. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (describing elements of offense).  Therefore, the jury's verdict finding the defendant guilty of Count Two is not affected by the O'Brien decision.

C.     Statutory Penalty

After determining that the jury validly returned a verdict on Count Two's lesser § 924(c)(1)(A)(i) charge, the question remains whether the ten-year mandatory minimum from § 924(c)(1)(B)(i) applies.  The government argues that the jury's verdict in Count Three, finding the defendant guilty of possessing a short-barreled rifle (Doc. No. 21: Verdict at 2), is sufficient to trigger the enhanced penalty because no other firearm was at issue in the case. (Doc. No. 38: Response at 6-7).  While the government makes a strong argument for harmless error review under Fed. R. Crim. P. 52(a), the Court elects to follow the Fourth Circuit's approach in United States v. Collins, 415 F.3d 304, 315 (4th Cir. 2005) (jury did not return proper drug quantity verdict), to avoid any potential violation of the defendant's Sixth Amendment rights. Accordingly, the government may elect to seek a new trial on Count Two where the jury would be properly instructed in light of O'Brien, or the Court will proceed with sentencing based on the penalty provisions set forth in § 924(c)(1)(A)(I), including the five-year mandatory minimum.

III.     CONCLUSION

**IT IS, THEREFORE, ORDERED,** that the defendant's Motion for a judgment of acquittal (Doc. No. 33) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the United States Attorney, and the United States Probation Office.

Signed: March 23, 2011

Robert J. Conrad, Jr.
Chief United States District Judge